IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CURTIS THOMPSON,

        Petitioner,

   v.

DEWAYNE HENDRIX,

        Respondent.

Case No. 3:22-cv-00560-SI

OPINION AND ORDER

Curtis Thompson
62420-112
FCI Sheridan – Satellite Camp
P.O. Box 6000
Sheridan, OR 97378

    Attorney for Petitioner

Scott Erik Asphaug
Acting United States Attorney
John G.M. Coit, Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902

    Attorneys for Respondent

1 – OPINION AND ORDER

SIMON, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2241 challenging the Bureau of Prisons' ("BOP's") refusal to award him with earned time credits dating back to 2014. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) is denied.

## BACKGROUND

Petitioner is currently serving a 180-month sentence at FCI-Sheridan for distribution of methamphetamine. His current projected release date is May 30, 2024.[1] Declaration of Brian Russell, (#8-1), ¶ 4(a). According to Petitioner, he has accrued sufficient earned time credits under the First Step Act ("FSA") to qualify for immediate placement on home confinement (or other form of supervised release), but the BOP refuses to award those credits to him.[2] He asks the Court to order the BOP to immediately apply his earned time credits dating back to 2014.

Respondent asks the Court to deny relief on the Petition because: (1) Petitioner has not exhausted his administrative remedies; (2) Petitioner's case is not ripe for consideration; and (3) his Petition lacks merit. Although Petitioner's

---

[1] This projected release date assumes that Petitioner will accrue all good-time credit for which he is eligible.
[2] Congress enacted the FSA on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194. The FSA provides an incentive to prisoners to complete evidence-

2 - OPINION AND ORDER

supporting memorandum was due by September 3, 2022, he has neither filed such a brief nor has he communicated with the Court since filing his Petition on April 13, 2022.

## DISCUSSION

"In order to seek habeas relief under section 2241 . . . a petitioner must first, 'as a prudential matter,' exhaust his or her available administrative remedies." *Singh v. Napolitano,* 649 F.3d 899, 900 (9th Cir. 2010) (per curiam). Requiring a petitioner to exhaust his administrative remedies aids "judicial review by allowing the appropriate development of a factual record in an expert forum." *Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983). Use of available administrative remedies conserves "the court's time because of the possibility that the relief applied for may be granted at the administrative level." *Id*. Moreover, it allows "the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings." *Id*; *United Farm Workers v. Arizona Agric. Employ. Relations Bd.*, 669 F.2d 1249, 1253 (9th Cir. 1982).

"Exhaustion of administrative remedies is not required where the remedies are inadequate, inefficacious, or futile,

---

based recidivism reduction programs in exchange for earned time credits which the prisoners can then utilize to accelerate their release from prison.

where pursuit of them would irreparably injure the plaintiff, or where the administrative proceedings themselves are void." *United Farm Workers*, 669 F.2d at 1253 (citation omitted); *see also Fraley v. United States Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (exhaustion waived where request for administrative remedy initially denied by Community Corrections Office based upon official BOP policy and further appeal would almost certainly have been denied based upon the same policy). Courts should not, however, relax the exhaustion requirement where it "would encourage the deliberate bypass of the administrative scheme." *Laing v. Ashcroft,* 370 F.3d 994, 1000 (9th Cir. 2004).

The BOP maintains an administrative review process for prisoners that begins with an informal grievance, or BP-8. If an inmate does not achieve satisfactory results from that informal process, he may file a formal complaint with the warden using a BP-9 form. If the BP-9 is unsuccessful, the prisoner can file a Regional Administrative Remedy Appeal (BP-10). Finally, if the BP-10 does not afford Petitioner relief he finds to be satisfactory, he can file a Central Office Administrative Remedy Appeal (BP-11). *See* 28 C.F.R. §§ 542.13-542.15. If the BOP denies relief on the BP-11, the prisoner has exhausted his administrative remedies and may file for judicial relief.

4 - OPINION AND ORDER

In this case, Petitioner filed a BP-8 on September 8, 2021 in which he requested his earned time credits for his participation in "productive activities" dating back to 2014. Petition (#1), p. 26. He "acknowledge[d] current BOP policy does not accept my position, so I wish to exhaust my administrative remedies." *Id*. On November 16, 2021, BOP staff denied this request.

On November 23, 2021, Petitioner filed a BP-9 raising the same claim, again acknowledged that his position was contrary to BOP policy, and reiterated that his intention was to exhaust his administrative remedies. *Id* at 25. The Warden at FCI-Sheridan denied Petitioner's requested relief on February 28, 2022. Russell Declaration, ¶ 5(c). Despite his assertions in his BP-8 and BP-9 that he wished to exhaust his administrative remedies, Petitioner did not file any administrative appeals with the Regional Office (BP-10) or the Central Office (BP-11). Instead, more than four months after the BP-9 denial, he proceeded to file this 28 U.S.C. § 2241 habeas corpus case.

Petitioner claims that exhausting his administrative remedies is a futile endeavor because, as he indicated in his BP-8 and BP-9, the BOP's interpretation of the FSA led it to develop an established policy that prevents it from awarding him earned time credits extending back to 2014. Assuming that

5 - OPINION AND ORDER

exhaustion of administrative remedies is a futile exercise in this case such that it is excused, the claim lacks merit. The FSA, by its own terms, prohibits prisoners from accruing earned time credits for programming completed prior to December 21, 2018, the date Congress enacted the FSA. *See* 18 U.S.C. § 3632(d)(4)(B); 28 C.F.R. § 523.42(b).

To the extent Petitioner also attempts to challenge the BOP's refusal to award him earned time credits he accrued from December 21, 2018 to the present, exhaustion as to that issue is not futile.[3] To the contrary, the issue involves various factors that are individual to Petitioner's particular circumstance including his crime of conviction, the exact programming in which he has participated during the relevant time period, and his specific recidivism risk reflected by the BOP's Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN") score it ascribes to him during the relevant time period. *See* 18 U.S.C. § 3232. Such an inquiry involves a fact-intensive analysis that is particularly well-suited to the administrative exhaustion process. *See Chua Han Mow v. U.S.,* 730 F.2d 1308, 1313-14 (9th Cir. 1984) (an action involving computation of a prisoner's sentence "is exactly the type of case in which exhaustion of administrative remedies should be required.").

Petitioner maintains that requiring him to exhaust his administrative remedies would cause him irreparable injury because, if he prevails in this action, he will be entitled to immediate release to supervised release. This argument is unavailing for two reasons. First, as Petitioner acknowledges in his Petition, in order to be eligible for application of FSA earned time credits toward his sentence, those credits must be "equal to the remainder of [his] imposed term of imprisonment." 18 U.S.C. § 3624(g)(1); Petition (#1), p. 8; *see also* 28 C.F.R. § 523.44(b)(1). Here, he makes no allegation that his earned time credits from December 21, 2018 forward are equal to his remaining term of imprisonment such that the BOP is obligated to apply those credits to his sentence pursuant to 18 U.S.C. § 3624(g)(1).[4]

Even if Petitioner had made such an allegation, neither the relative brevity of his remaining sentence nor his desire for a faster path to federal court justifies excusing the exhaustion requirement applicable to this case. Indeed, in addition to producing a "useful record for subsequent judicial consideration," the administrative review process "promotes

---

[3] Neither Petitioner's BP-8 or BP-9 addressed this particular issue. Petition (#1), pp. 25-26.
[4] It is also noteworthy that Petitioner's PATTERN score (which is currently "low") could potentially change by the time he is eligible for application of

7 - OPINION AND ORDER

efficiency," and "[c]laims can generally be resolved much more quickly and economically in proceedings before an agency that in litigation in federal court."[5] *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). For all of these reasons, the Petition for Writ of Habeas Corpus is dismissed with leave to refile once Petitioner: (1) is eligible for application of FSA earned time credits to his sentence under 18 U.S.C. § 3624(g)(1); and (2) has exhausted his administrative remedies.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is dismissed.

IT IS SO ORDERED.

September 29, 2022
    DATE

Michael H. Simon
United States District Judge

---

his FSA earned time credits to his sentence, thereby affecting his award of those credits. 18 U.S.C. § 3632(d)(5).

[5] Petitioner might have entirely completed the exhaustion process prior to filing this case had he appealed the Warden's BP-9 denial. Instead, he permitted more than four months to pass between the denial of his BP-9 and the filing of this habeas corpus case. This lapse in time which was entirely under Petitioner's control undermines his assertion that he would be irreparably harmed by the delay caused by the administrative exhaustion process.

8 – OPINION AND ORDER